# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL NO. 2:08CR39

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| VS. | ) | **O R D E R** |
| | ) | |
| | ) | |
| LINDA KAY BRADLEY | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Government's notice of appeal of the Magistrate Judge's Order releasing Defendant pending trial. For the reasons that follow, the order is affirmed.

## I. FACTUAL AND PROCEDURAL HISTORY

On December 3, 2008, Defendant was charged in a one count indictment with intentionally assaulting another with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. §§ 113(a)(3), 1152 and 1153. **See Indictment, at 1.** The alleged victim is Defendant's ex-husband, Charles Frizzell.[1] The parties had been married for roughly 33-

---

[1]The Court has examined the FTR electronic recording of the detention hearing and the record in this matter. The record includes three

years and raised two children: Charlene Frizzell, 35; and Mitchell Frizzell, 31. In 2007, Charles Frizzell, apparently without explanation, left Defendant and took up residence with another woman in Franklin, North Carolina. Defendant reported experiencing symptoms of depression after the break up of her marriage and was hospitalized in January 2008 following an apparent suicide attempt. **See Forensic Evaluation, filed April 13, 2009, at 3-5.** After being discharged from the hospital, Defendant began receiving outpatient psychological and psychiatric services from January 2008 until November 2008.

In October 2008, Defendant and Mr. Frizzell met at a diner in Cherokee, North Carolina, in an apparent effort to discuss reconciliation. The discussion did not go well; Mr. Frizzell stated that he did not want to reconcile and Defendant then allegedly stabbed him in the chest with a dinner knife. Charlene Frizzell testified at the detention hearing that Mr. Frizzell was treated at the hospital for a wound to his sternum that evening and released an hour or so later. The next day Mr. Frizzell worked picking

---

items entered into evidence without objection during the detention hearing: (1) the pretrial services report, (2) the psychiatric report issued by the Federal Bureau of Prisons ("forensic evaluation"), and (3) the indictment.

potatoes and returned to his job as a carpenter in Cherokee a day or so later with little discomfort.

Defendant was first charged by the Cherokee Tribal Court; detained for three days; and released on the conditions that she reside with her mother, Phyllis Queen, and to have no contact whatsoever with Mr. Frizzell. Defendant resided with her mother without incident from October 2008, until the time of her indictment in December 2008, and made no effort to have contact with Mr. Frizzell.

Following the return of the instant indictment, the Government moved for a psychiatric evaluation to assess Defendant's competency to stand trial. Defendant, with consent of counsel, was ordered to participate in a psychiatric examination pursuant to 18 U.S.C. § 4241(a). In his order, the Magistrate Judge found "that there is reasonable cause to believe that defendant may presently be suffering from a mental disease or defect that may render defendant unable to understand the nature and consequences of the proceedings" against her. **Order, filed December 23, 2008, at 1.** Defendant was committed to the custody of the Attorney General and transported to the Federal Bureau of Prisons ("BOP") in Carswell, Texas. The forensic evaluation was completed in early April 2009 and the

Magistrate Judge held a competency hearing on May 4, 2009. After considering the forensic evaluation, the indictment, and arguments of counsel, the Magistrate Judge found Defendant competent to proceed to trial, a conclusion not challeged by the Government or defense counsel.

After the Defendant was found competent to proceed, the Government moved for detention, contending that the nature of the offense charged and the record in this case showed she posed a potential danger to herself or others. The Government offered the indictment, the forensic evaluation, and the pretrial services report into evidence. Defendant called as witnesses her mother and her daughter in support of release. Mrs. Queen testified that both she and Defendant are lifelong residents of the Cherokee area. Defendant has a home in the area where two of her brothers live next door; Mrs. Queen and Ms. Frizzell also live nearby. Mrs. Queen testified that Defendant stayed with her 24-hours a day for two months without incident after she was released by the Tribal Court, and Defendant attended psychological and psychiatric appointments on the Cherokee Indian Reservation. Mrs. Queen stated that if Defendant were released she could live with her and she would be supervised everyday. Mrs. Queen agreed to assist Defendant in attending medical appointments

and any other appointments related to the pending criminal case, and agreed to inform the Court if Defendant did not follow any of the conditions of pretrial release.

Ms. Frizzell testified that she spoke with her father, Charles Frizzell, on May 2, 2009. According to Ms. Frizzell, her father wanted to attend the detention hearing, but decided not to, fearing it would upset the Defendant. Ms. Frizzell testified that her father was not afraid of Defendant; that he had forgiven her for what she had done; and that he wished she would not have to go to jail, but instead receive mental health treatment. Defendant had expressed thoughts of suicide, but Ms. Frizzell testified that her mother no longer has those thoughts and regrets what she has done. Based on the evidence presented and the arguments of counsel, the Magistrate Judge, noting that this was a close case, decided to release Defendant subject to several conditions, all of which Mrs. Queen and Ms. Frizzell agreed to help Defendant abide by. *See* **Order Setting Conditions of Release, filed May 4, 2009**. Among the conditions of release were that Defendant would be released to the custody of Mrs. Queen; subject to 24-hour electronic monitoring; and allow probation officers to conduct reasonable searches of her home. The following day, the Government

filed a "notice of appeal, pursuant to 18 U.S.C. § 3145(a)" to this Court and requested a stay of release until the Court could review the release order. **Notice of Appeal of Release Order and Motion to Stay, filed May 5, 2009.**

## II. STANDARD OF REVIEW

If a magistrate judge orders a person released, the "attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release[.]" The Court reviews the Magistrate Judge's order *de novo*. **18 U.S.C. § 3145(a)(1);** *see also, United States v. Stewart*, **19 F. App'x 46, 47 (4th Cir. 2001); see** *United States v. Fortna*, **769 F.2d 243, 249 (5th Cir. 1985).** Thus, this Court makes "an independent determination of the proper pretrial detention or conditions of release." *Stewart*, **19 F. App'x at 47.**

Title 18 U.S.C. § 3142(f) provides that Defendant is entitled to a detention hearing before a judicial officer:

> [T]o determine whether any condition or combination of conditions set forth in the subsection (c) of this section will

reasonably assure the appearance of such person as required and the safety of any other person in the community—-

(1) upon motion of the attorney for the Government, in a case that involves — (A) a crime of violence. . . for which a maximum term of imprisonment of 10 years or more is prescribed.

**18 U.S.C. § 3142 (f)(1)(A**).

Section 3142(c) provides that if the judicial officer determines that release authorized by 3142(b) (release on personal recognizance or unsecured appearance bond) "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person in the community, such judicial officer shall order the pretrial release of the person" after consideration of several possible conditions.  Factors that the judicial officer must consider include:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . , a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

**18 U.S.C. § 3142(g).**

### III. ANALYSIS

The Government does not assign error to any of the Magistrate Judge's findings or move for any particular amendment to the conditions of release set forth in the Magistrate Judge's order.[2] The Court has conducted an independent review of the evidence and of the statutory factors set forth in §§ 3142(c) and 3142(g) and finds that the Magistrate Judge's Order Setting Conditions of Release should be affirmed.

---

[2] Defendant filed a motion seeking the basis of the Government's notice of appeal. **See Request for Basis for Review of Release Order and Stay of Release, filed May 6, 2009.** The Government responded and indicated it sought *de novo* review of the Magistrate Judge's order of detention. **Response to Defendant's Request for Basis for Review of Release Order, filed May 7, 2009.** Neither party has requested a hearing to provide additional evidence; the Court finds that no hearing is necessary.

The evidence shows that Defendant has lifelong connections to the Cherokee area and has numerous family members that live close to her that have a demonstrated commitment to assisting Defendant in anyway necessary.  There is no evidence that Defendant has a criminal record, and save for this pending charge, there is no evidence to show that she has ever been charged with a crime.  The evidence shows that Defendant has appeared for all court proceedings.  Defendant has been seeking mental health treatment and expresses a desire to continue to do so and the Court  notes that the forensic evaluation recommended Defendant continue with such treatment.  The Court finds that Defendant's mother has been a strong source of support throughout her life and that both Defendant's mother and daughter testified favorably on her behalf at the detention hearing.  The evidence shows that Defendant complied with the terms of release imposed by the Cherokee Tribal Court for the two months that she was allowed to live with and be supervised by Mrs. Queen.  Moreover, at the detention hearing, Mrs. Queen agreed to accept custody of Defendant and supervise her on a 24-hour basis.  Notably, both Mrs. Queen and Ms. Frizzell signed the Order of Release and agreed to supervise Defendant in accordance with the release order, ensure

Defendant's appearance at court hearings, and to notify the Court immediately if they learned Defendant had violated any of the conditions. *See* **Order Setting Conditions of Release, at 2.**

The evidence against Defendant to support the assault is strong. However, the testimony provided by Ms. Frizzell that Charles Frizzell does not fear Defendant is persuasive on the issue of whether Defendant poses a danger to Mr. Frizzell or others if released. Further, the evidence shows that Defendant no longer demonstrates suicidal thoughts. Finally, electronic monitoring has been ordered which will provide constant information about Defendant's whereabouts.

The Court recognizes that the offense charged is a crime of violence, but the conditions ordered by the Magistrate Judge provide sufficient safeguards, and Defendant's conduct following the alleged offense lead this Court to conclude that such conditions are satisfactory to protect the safety of Defendant and others.

After conducting an independent review of the evidence presented in this matter, the Court concludes that the Magistrate Judge's Order Setting Conditions of Release should be affirmed.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** the Government's appeal of the release order is **DENIED** and the Magistrate Judge's Order of Release is **AFFIRMED.**

**IT IS FURTHER ORDERED** that the stay of Defendant's release imposed by the Magistrate Judge is hereby **LIFTED** and Defendant's release on bond and under the conditions outlined by the Magistrate Judge in his Order Setting Conditions of Release may now proceed.

Signed: May 12, 2009

Lacy H. Thornburg
United States District Judge